**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2510
_____

BENJAMIN COOPER,
                                        Appellant

v.

WELLPATH; CORRECT CARE SOLUTIONS; LEE HANUSCHAK, MD; JAMIE
LAQUIS; JOHN DOE 1; JOHN/JANE Doe 2-10, Employee of Wellpath
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-04595)
Magistrate Judge:  Honorable Richard A. Lloret
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: August 2, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Benjamin Cooper, an inmate at the Pennsylvania State Correctional Institution at Phoenix (SCI-Phoenix), appeals from the July 11, 2022, Memorandum and Judgment Order entered against him by the United States District Court for the Eastern District of Pennsylvania. The District Court held that Appellee Jamie Laquis did not violate Cooper's Eighth Amendment right to be free of cruel and unusual punishment. We will affirm the judgment of the District Court.[1]

## I. Background

In September 2020, Cooper filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. The District Court appointed counsel to represent Cooper, and counsel filed an amended complaint, alleging, in pertinent part, that Cooper was severely injured when he had a seizure and fell out of his top bunk. Cooper alleged that, because of his documented seizure disorder, he was classified to be housed in a cell located on a lower tier (or ground level) and to be placed in a bed on the bottom bunk. He alleged that, when he was relocated from SCI-Graterford to SCI-Phoenix, Unit Manager Jaime Luquis and others refused to assign him to a lower bunk and ignored his serious medical condition.

---

[1] We are satisfied that the parties consented to proceed before the Magistrate Judge, and the Magistrate Judge was therefore authorized under 28 U.S.C. § 636(c)(1) to issue a final decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. Fotta v. Trs. of United Mine Workers of Am., 319 F.3d 612, 615–16 (3d Cir. 2003). We will set aside factual findings only when they are clearly erroneous. Fed. R. Civ. P. 52(a); Newark Branch, N.A.A.C.P. v. City of Bayonne, 134 F.3d 113, 119 (3d Cir. 1998).

The District Court held a bench trial to determine whether Luquis displayed deliberate indifference toward Cooper's serious medical need.[2]  In rendering its verdict, the District Court determined that Luquis reasonably responded to Cooper's medical concerns by assigning him to a cell and bunk in compliance with his medical status.  The Court explained that, at the time of his injury, Cooper actually *was* assigned to a bottom bunk in a bottom-tier cell, but his cellmate—who also had bottom-bunk medical status, but who had been assigned to the top bunk despite that status—had taken the bottom bunk, incorrectly believing that his bunk assignment had been changed from top bunk to bottom bunk when his previous cellmate left.  The District Court determined that, even if Luquis had been informed about Cooper's seizure disorder, he acted reasonably in assigning Cooper to the bottom bunk.  The Court also found, as a matter of fact, that after receiving a complaint about Cooper's bunk status, he acted in accordance with his standard practice by ordering staff to enforce that assignment.  The District Court concluded further that, even if Luquis's conduct was unreasonable, it did not rise to the level of deliberate indifference.  The District Court thus entered a verdict in favor of Luquis.  This appeal followed.

---

[2] Luquis was the only remaining defendant at the time of the bench trial.  Several defendants were dismissed at screening, two others were dismissed as a result of settlement, and the several John Doe defendants were dismissed after reasonable discovery did not unveil their identities.  Cooper does not challenge the dismissal of the earlier-dismissed defendants.

## II. Discussion

Cooper argues that the District Court erred in finding that Luquis was not deliberately indifferent to his medical needs. To establish a deliberate indifference claim, a plaintiff must demonstrate (1) a serious medical need, and (2) acts or omissions by prison officials indicating deliberate indifference to that need. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). There was no dispute that Cooper's seizure disorder constituted a serious medical need. Instead, the dispute focused on the deliberate indifference prong, which required Cooper to show that Luquis actually knew of and disregarded an excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[A] defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Whether a defendant's conduct amounts to deliberate indifference is "a classic issue for the fact finder." Armstrong v. Squadrito, 152 F.3d 564, 577 (7th Cir. 1998).

We cannot say that the District Court erred in finding that Luquis's conduct did not amount to deliberate indifference. As the District Court determined, the testimony presented at the bench trial established that Luquis, who was tasked with overseeing cell assignments for Cooper's cell block, assigned Cooper to a bottom bunk in a bottom-tier cell, in compliance with his medical status. The testimony also showed that Luquis did not book Cooper and his cellmate to the same bunk within that cell; rather, he assigned

4

Cooper to the bottom bunk and his cellmate, who also had bottom-bunk status, to the top bunk. Accordingly, there was sufficient evidence to allow the District Court to conclude that, even if he was aware of the risk of harm, Luquis took reasonable steps to prevent the harm from occurring by assigning Cooper to a bottom bunk in a bottom-tier cell. See generally Beers-Capitol, 256 F.3d at 133.

Cooper also presented evidence that he complained to Luquis about not actually having access to the bottom bunk. However, we discern no clear error in the District Court's conclusion that Luquis acted in accordance with his standard practice in addressing Cooper's complaint. Pursuant to Rule 406 of the Federal Rules of Evidence, evidence of a person's habit "may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406. At trial, Luquis testified that, upon receiving Cooper's complaint, his standard practice would have been to verify Cooper's bed assignment and, if he found that Cooper had already been assigned to the bottom bunk, he would have instructed a sergeant to enforce the assignment. And if he had learned that Cooper's cellmate also had bottom-bunk status, he would have typically moved the cellmate elsewhere. The District Court was entitled to rely on this evidence in making its factual findings. See, e.g., Howard v. City of Durham, 68 F.4th 934, 951 (4th Cir. 2023); Gould v. Winstar Commc'ns, Inc., 692 F.3d 148, 161 (2d Cir. 2012); Carrion v. Smith, 549 F.3d

5

583, 590 (2d Cir. 2008).[3] We discern no clear error in the District Court's factual

determination that Luquis assigned Cooper to a bottom bunk and took steps to enforce

that assignment as necessary, in accordance with his standard practice. We therefore

agree that Cooper failed to establish deliberate indifference.

Accordingly, we will affirm the judgment of the District Court.

---

[3] Cooper did not object to the admission of this habit evidence at trial or in his appellate brief.